## Coal License Agreements

JOHN SULLIVAN, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, April 30, 1958.—You ask whether the Game Commission may legally enter into a license agreement with a coal operator, who owns land adjacent to State game lands, for his use of some three acres of State game lands in order to gain access to and to mine the coal on his own property.

This use would involve a road right of way, construction of necessary buildings and installations for deep mine operations and removal of coal valued at something less than $500 from one acre of the State game lands. All buildings and installations are to be removed at the operator's expense when the lease terminates.

Section 906(e) of The Game Law of June 3, 1937, P. L. 1225, as amended, 34 PS §1311.906, authorizes the Game Commission to grant "licenses for rights of way for roads", and to charge "such remuneration and damages as the commission deems the conditions and circumstances warrant".

Subsection (c) authorizes the Game Commission to sell or lease coal on game lands, with the Governor's approval, no advertising being required if the value of the coal does not exceed $500.

This leaves as the only remaining question the commission's authority to permit construction of buildings and installation of equipment. This is not among the grants of leasing authority specifically enumerated in section 906. However, section 906(c), since it authorizes sale of the coal under commission land, carries with it the right to erect such installations as are necessary to carry out the removal of said coal and, therefore, permits erection of a tipple, fan house and other indispensable temporary structures appurtenant to this operation: Commonwealth ex rel. Cartwright v. Cartwright, 350 Pa. 638, 644, 645 (1945). However, this section does not permit any construction on State game land for the purpose of removing coal from adjacent privately owned land.

The fact that this lease would provide substantial employment and that it would be highly profitable to the Game Commission without detriment to wildlife is a matter which may influence the Game Commission in its decision, but it is not pertinent to the legal ques-

tions involved. Under the statute the commission has authority to grant the license upon such terms as it considers appropriate, and, therefore, the question of a wheelage charge is a matter for commission discretion. Removal of the coal on the game land should be treated as a sale and handled accordingly.

You are accordingly advised that the commission may grant a right of way for a road over State game lands to a private coal operator but may not allow said operator to construct buildings and install equipment thereon for the purpose of removing coal from adjacent private land. Further, the commission may allow the removal of less than $500 worth of coal from State game land with the Governor's approval and without advertising.